IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 5 - 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-00406-BNB

LINDA SALMEN,

    Plaintiff,

v.

GREG (JOHN DOE),
BRIAN HULSE,
TIMOTHY MERNA,
SARA RANNETSBERGER, and
IRMA CHAVEZ,

    Defendants.

---

### ORDER TO AMEND COMPLAINT

---

Plaintiff Linda Salmen is a prisoner in the custody of the Colorado Department of Corrections at the Denver, Colorado, Women's Correctional Facility. Ms. Salmen has filed a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that her rights under the United States Constitution have been violated.

The Court must construe the Complaint liberally, because Ms. Salmen is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading

requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as a *pro se* litigant's advocate. *See id.*

Ms. Salmen alleges that she was sentenced to ICCS, a community corrections program. She further asserts that she fell and broke her fibula, while participating in the program, causing her to have to use a wheelchair. Plaintiff also contends that she was regressed to prison, because the RTD access-a-ride driver who took Plaintiff to and from work reported the ICCS facility as not being handicap accessible.

To the extent Ms. Salmen is seeking return to the community corrections program, her claim more properly is asserted in a habeas corpus action pursuant to 28 U.S.C. § 2241 after exhaustion of state court remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973).

Ms. Salmen also may not recover damages for her regression from community corrections to prison at this time. In *Heck*, the Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of her criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87. The rule in *Heck* also applies to "proceedings that call into question the fact or duration of parole or probation." *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (per curiam). Ms. Salmen's claim challenging her regression from community corrections is analogous to a claim challenging the revocation of parole or probation.

Ms. Salmen does not allege, and nothing in the Court's file indicates, that she has invalidated her removal from community corrections. Therefore, any claims for damages regarding her regression from community corrections are barred by *Heck*.

As for Ms. Salmen's claim that she has not received proper medical attention since her return to prison, she has failed to assert who is responsible for the improper medical treatment. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, a plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

Also, a defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Ms. Salmen will be ordered to file an Amended Complaint that names as Defendants the individuals who are responsible for providing inadequate medical treatment and that states what each named Defendant did to violate her constitutional rights.

Further, pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits

about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Plaintiff is incarcerated, and the inadequate medical treatment claim raised in this action relates to the conditions of her confinement. Therefore, Plaintiff must have exhausted all the available administrative remedies with respect to the medical treatment claim. Furthermore, § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 335 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Plaintiff must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211.

Plaintiff has failed to meet the *Steele* requirement, because she failed in response to Question Two, under Section F., "Administrative Relief," of the Complaint form to state with specificity how she exhausted her administrative remedies with respect to the medical treatment claim. Therefore, Plaintiff will be directed to show cause why the Complaint should not be dismissed for failure to state with specificity, or to attach copies of administrative proceedings indicating, how she exhausted her administrative remedies with respect to the medical treatment claim that she raises. Accordingly, it is

ORDERED that Ms. Salmen, if she desires to pursue her medical treatment claim, shall file **within thirty days from the date of this Order** an Amended Complaint that states how each named Defendant personally participated in the asserted constitutional violation and that shows how Plaintiff has exhausted her administrative

remedies with respect to the medical treatment claim. It is

FURTHER ORDERED that the Amended Complaint shall be titled, "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the Clerk of the Court mail to Ms. Salmen, together with a copy of this Order, two copies of the Prisoner Complaint form. It is

FURTHER ORDERED that Ms. Salmen submit an original and sufficient copies of the Amended Complaint to serve each named Defendant. It is

FURTHER ORDERED that if Ms. Salmen fails to file **within thirty days from the date of this Order** an Amended Complaint that complies, to the Court's satisfaction, with the Order the action will be dismissed without further notice.

DATED May 5, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00406-BNB

Linda Salmen
Prisoner No. 124140
DWCF
PO Box 392005
Denver, CO 80239

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on  5-5-06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk